UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA SILVA, | No.  1:25-cv-01893-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| NANCY JACKSON, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| Defendant. | |
| | (ECF No. 1) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed December 17, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

"seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names inmate Nancy Johnson as the sole Defendant.

On December 5, 2024, Plaintiff was attacked by fellow inmate Nancy Johnson who bit Plaintiff in the cheek, finger, and elbow.  Plaintiff believed that she needed stitches, but the doctor disagreed.  Plaintiff is seeking $10,000 in damages for pain and suffering and emotional distress.

///

///

2

## III.

## DISCUSSION

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. See 42 U.S.C. § 1983; Manuel v. City of Joliet, Ill., 137 S. Ct. 911, 916 (2017). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149 (9th Cir. 2011) (citing Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003)); Soo Park v. Thompson, 851 F.3d 910, 921 (9th Cir. 2017). "The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." Chudacoff, 649 F.3d at 1149 (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982)).

Courts have consistently rejected attempts by prisoner plaintiffs to sue fellow inmates under § 1983. See, e.g., Jackson v. Foster, 372 F. App'x 770, 771 (9th Cir. 2010) (concluding that "the district court properly dismissed Jackson's excessive force claim because [fellow] inmate ... did not act under color of state law under any formulation of the governmental actor tests"); see also Gettimier v. Burse, 2015 WL 75224, at *5 n.3 (E.D. Mo. Jan. 6, 2015) ("The fact that a fellow inmate is not a 'state actor' for purposes of § 1983 litigation is so fundamental as to not require citation."); Rigano v. Cty. of Sullivan, 486 F. Supp. 2d 244, 256 n.15 (S.D.N.Y. 2007) ("It is well-established that a § 1983 claim is only cognizable against a state actor and not a fellow inmate."); cf. Williams v. Calidonna, 2007 WL 432773, at *1-2 (N.D.N.Y. Feb. 2, 2007) (dismissing § 1983 action against inmates despite allegation they were working as state informants). Accordingly, Plaintiff cannot succeed in stating a section 1983 claim against fellow inmate Steven Stansell in this case as inmates are not state actors.

### B.    Leave to Amend Would be Futile

As Plaintiff's sole claim fails as a matter of law, the Court finds that further leave to amend would be futile. Accordingly, the Court finds that the complaint fails to state a cognizable civil rights claim under 42 U.S.C. § 1983 and that any amendment of the complaint would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v.

3

CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Because Plaintiff cannot state a claim as a matter of law, it is recommended that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 14, 2026**   _____

STANLEY A. BOONE
United States Magistrate Judge